Sweet, J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 2 0 2012
JUDGE SWEET CHAMBERS

CANON INC.,

**Plaintiff,**

v.

INK TECHNOLOGIES PRINTER
SUPPLIES, LLC,

**Defendant.**

Case No.: 1:12-cv-00572-RWS

## STIPULATION, CONSENT JUDGMENT AND PERMANENT INJUNCTION

This Stipulation, Consent Judgment and Permanent Injunction ("Consent Judgment") is entered into by and between Plaintiff Canon Inc. ("Canon") and Defendant Ink Technologies Printer Supplies, LLC ("Ink Tech"), subject to approval by the Court.

WHEREAS, Canon brought this suit against Ink Tech for infringement of Canon's U.S. Patent Nos. 5,903,803 ("the '803 patent") and 6,128,454 ("the '454 patent") based on Ink Tech's unauthorized manufacture, use, importation, sale and/or offer for sale of certain toner cartridges, including but not limited to toner cartridges having the following product designations: C8543X, CE278A, CE278A/CE285A, L50/CRG-M/N, LH364A, LH7553X, LHCB435, Q6511X, ST-CANON106, ST-CB436A, ST-Q1338A/Q5942A, ST-Q2612A, ST-Q7553X and X25 ("Accused Products");



-1-

WHEREAS, Ink Tech wishes to conclude this litigation at Canon's initial pleading stage without contesting infringement, validity or enforceability of any claims of the '803 and '454 patents in this proceeding; and

WHEREAS, Canon and Ink Tech, through their respective counsel, hereby agree to entry of this Consent Judgment;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

2.      This Court has jurisdiction over Ink Tech and the subject matter of this action under 28 U.S.C §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

3.      Canon is the owner of all right, title and interest in and to the '803 and '454 patents.

4.      Ink Tech does not contest, solely for purposes of this litigation, that all of the claims of the '803 and the '454 patents are valid and enforceable.

5.      Ink Tech has manufactured, used, imported, sold and/or offered for sale in the United States toner cartridges accused of infringement in this action, including but not limited to the Accused Products.

-2-

6.     Effective as of the date this Consent Judgment is entered by the Court, Ink Tech and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors and assigns, and all other persons and organizations in active concert or participation with it, are hereby permanently enjoined and restrained from engaging in any of the following activities:

(a)     making, using, selling or offering for sale in the United States, or importing into the United States, any of the Accused Products and any other toner cartridges or photosensitive drums having a portion designed to interface with a laser beam printer or other electrophotographic image forming apparatus (said portion hereinafter referred to as a "Projection") that is substantially the same as any of the Projections shown in the attached Appendix;

(b)     otherwise directly infringing, contributorily infringing or inducing infringement of any of the claims of the '803 or '454 patents with respect to the Accused Products and any other toner cartridges or photosensitive drums that fall within the scope of one or more claims of either the '803 patent or the '454 patent, including without limitation any toner cartridge or photosensitive drum having a Projection that is substantially the same as any of the Projections shown in the attached Appendix; and

(c)     assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

7.     Ink Tech and Canon shall bear their own costs and attorney fees.

-3-

8.      This Consent Judgment constitutes a final judgment concerning the subject matter of this action as between Canon and Ink Tech.

9.      Ink Tech and Canon waive any right to appeal from this Consent Judgment.

10.     Upon entry of this Consent Judgment, this litigation is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment.

STIPULATED AND CONSENTED TO:

By: _____
David A. Shough *(pro hac vice)*
LAW OFFICE OF DAVID A.
SHOUGH
853 Dayton Oxford Road
Carlisle, Ohio 45005-3412
Tel: (937) 242-7325
Fax: (937) 242-6274
E-mail: dshough@das-law.com

Attorneys for Defendant
Ink Technologies Printer Supplies,
LLC

By: _____
Nicholas M. Cannella (NC9543)
Michael P. Sandonato (MS4278)
Anna Y. Huang (AH3552)
Robert J. Czarnecki, Jr. (RC2728)
Michael A. Fuerch (MF1028)
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: ncannella@fchs.com,
msandonato@fchs.com,
ahuang@fchs.com, rczarnecki@fchs.com,
mfuerch@fchs.com

Edmund J. Haughey
Stephen E. Belisle
Seth E. Boeshore
FITZPATRICK, CELLA, HARPER &
SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com,
sbelisle@fchs.com, sboeshore@fchs.com

Attorneys for Plaintiff Canon Inc.

SO ORDERED AND ADJUDGED:

Dated: ___3-20-12___

_____
Robert W. Sweet
United States District Judge

-5-

## APPENDIX







Projection



Projection

-2-